IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO BARRETTO,

        Plaintiff,                      No. CIV S-07-1544 FCD DAD P

   vs.

L. SMITH, et al.,

        Defendants.            <u>ORDER</u>

_____/

        On September 10, 2007, this court issued findings and recommendations, recommending that this action be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to filing suit.[1]  On October 9, 2007, plaintiff filed objections to the findings and recommendations, asserting that he has exhausted his available administrative remedies.  In addition, plaintiff submitted copies of his inmate appeals and prison officials' responses to those appeals.  Plaintiff argues that prison officials improperly rejected his administrative appeals by "screening them out" even though he explained that as a result of

/////

---

[1] On plaintiff's original complaint form, Question II.C. asks "Is the grievance process completed?"  Plaintiff checked the "No" box which this court construed as a concession of nonexhaustion.

1

injuries suffered at the hands of the defendants he was in the prison infirmary, unable to write and was denied assistance in filing his grievance.

In an abundance of caution and in the interests of justice, this court will vacate its findings and recommendations and allow the case to proceed in accordance with this order.

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has submitted an initial partial filing fee of $150.00.  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account until the statutory filing fee is paid in full.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

/////

1  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
2  Cir. 1989); Franklin, 745 F.2d at 1227.
3        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
4  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
5  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
6  Corp. v. Twombly, ___ U.S. ___,     , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
7  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
8  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
9  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
10  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
11  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
12  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
13  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
14  (1969).
15        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

19  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
20  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
21  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
22  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
23  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
24  omits to perform an act which he is legally required to do that causes the deprivation of which
25  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26  /////

1       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In plaintiff's complaint, he identifies as defendants Correctional Officer L. Smith; Captain M. Wright; Correctional Officer J. Look; Lieutenant E.J. Schirmer; Correctional Officer B. Pinneo; Correctional Officer B. Kalbach; Correctional Officer E. Viss; Correctional Officer W. Whitcome; Correctional Officer J. Passwater; Correctional Officer J. Sanchez; Sergeant D. Medoca; Sergeant J. Lynn; Sergeant D. Hill; Correctional Officer S. Oschner; Correctional Officer J. Schuster; Correctional Officer A. Arnold; Correctional Officer J. Knight; Correctional Officer L. Guillen; Correctional Officer J. Santana; Correctional Officer D. Ulbricht; Correctional Officer G. Wallace; Correctional Officer J. Gorbet; Sergeant S. Cagel; and Correctional Officer B. Wheeler. All named defendants are employees of High Desert State Prison.

        Plaintiff alleges:

> At High Desert State Prison on April 3, I was shot in the arm with a mini-14 round by Officer L. Smith about 10:05 a.m. in the facility D exercise yard during an altercation between 20 Northern Mexicans and Asian/Islander inmates. Due to no weapons found, I believe that there was excessive force done to me. Furthermore, due to the shooting, I have lost function in my left arm. After being shot, I was mishandled by Correctional Officer Look being that he handcuffed me from the back.

(Compl. at 5.)

/////

4

Plaintiff requests medical treatment and therapy as needed. Plaintiff also requests compensation for the permanent injuries he suffered as a result of the shooting. (Compl. at 5.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is advised that, when a prisoner alleges excessive force in violation of the Eighth Amendment, he must allege facts showing that objectively the wrongdoing was harmful enough to violate the constitution under contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). Not every malevolent touch by a prison guard gives rise to a federal cause of action, and de minimis use of physical force by a prison guard does not reach the level of a constitutional violation. Hudson, 503 U.S. at 9-10. See White v. Pierce County, 797 F.2d 812, 816 (9th Cir. 1986) (affirming summary judgment for defendants where there was no indication that deputies used more force than necessary to subdue the prisoner). The prisoner must also allege facts showing that subjectively the defendant did not apply force in a good-faith effort to maintain or restore order but instead acted maliciously and sadistically for the very purpose of causing harm to plaintiff. Hudson, 503 U.S. at 6-7; Whitley, 475 U.S. at 320-21.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the defendants' actions resulted in a deprivation of plaintiff's federal constitutional or statutory

5

rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, the amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  In this regard, the court notes that plaintiff's original complaint includes only allegations relating to defendants Smith and Look.  Plaintiff is advised that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. This court's September 10, 2007 findings and recommendations are vacated.

2. Plaintiff's July 30, 2007 application to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff has submitted an initial partial filing fee of $150.00.  All subsequent fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
3  amended complaint in accordance with this order will result in a recommendation that this action
4  be dismissed without prejudice.
5  DATED: December 20, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
barr1544.14