IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO BARRETTO,

        Plaintiff,                    No. CIV S-07-1544 FCD DAD P

    vs.

L. SMITH, et al.,

        Defendants.             ORDER
_____/

        On March 9, 2009, this court adopted the assigned magistrate judge's findings and recommendations, recommending that defendants' motion to dismiss for failure to exhaust administrative remedies be granted in part and denied in part. On March 12, 2009, defendants filed a request for reconsideration, arguing that the court improperly denied defendants' motion as to defendants Look and Smith without first resolving a factual dispute by way of ordering an evidentiary hearing. Specifically, defendants argue that a factual dispute exists as to whether plaintiff had access to the appeals process while he was in High Desert State Prison's Correctional Treatment Center and whether he properly exhausted administrative remedies available to him.

        A request for reconsideration is directed to the sound discretion of the court. See Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). A party

1

seeking reconsideration must brief the "new or different facts or circumstances" which were not shown previously "or what other grounds exist for the motion." Local Rule 78-230(k). This rule is grounded on the principle that decisions on legal issues made in a case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and resulted in injustice. See Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). A motion to reconsider is not a vehicle by which an unsuccessful party can "rehash" arguments or present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

In this case, defendants' motion for reconsideration merely rehashes allegations and arguments previously presented in their motion to dismiss, their reply in support of their motion to dismiss, and their objections to the assigned magistrate judge's findings and recommendations. The motion does not present different facts or circumstances that were not shown previously, and defendants' have failed to demonstrate that this court's order was clearly erroneous and resulted in injustice.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' March 12, 2009 request for reconsideration (Doc. No. 49) is denied; and

2. Within fifteen days of the date of this order, defendants shall file an answer to plaintiff's amended complaint.

DATED: April 16, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE