IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO BARRETTO,

        Plaintiff,                   No. CIV S-07-1544 FCD DAD P

    vs.

L. SMITH, et al.,

        Defendants.            ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a third motion for appointment of counsel.

        As the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff has also filed a motion for a court order to allow certain incarcerated witnesses to testify at trial. Plaintiff is advised that, in the event that this case proceeds to trial, the court will issue an order that requires the parties to file pretrial statements. The order will also require plaintiff to make a particularized showing to obtain the attendance of witnesses at trial. At this time, plaintiff's motion is premature. Discovery is still open, and the deadline for filing dispositive motions has not passed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 3, 2009 motion for appointment of counsel (Doc. No. 62) is denied; and

2. Plaintiff's August 3, 2009 motion for a court order (Doc. No. 63) is denied as premature.

DATED: August 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:mp
barr1544.31+

2